IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00176-CV

 

Byron Walker,

                                                                                    Appellant

 v.

 

Ken Murphy, Assignee of 

Ennis State Bank,

                                                                                    Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 01-C-3061

 



MEMORANDUM  Opinion










 

            Byron Walker filed an appeal from a
judgment rendered against him.  He now files a voluntary motion to dismiss his
appeal stating that he has paid and satisfied the underlying judgment; and he requests
this Court to dismiss his appeal.

            This appeal is dismissed.  Tex. R. App. P. 42.1(a)(1).

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed August 1, 2007

[CV06]






sdiction. It is not enough that the document could be
so construed as an attempt to invoke our jurisdiction. The party must actually have filed it for
the purpose of invoking our jurisdiction.
      When the document filed late is the notice of appeal, it is obviously filed in an effort to invoke
our jurisdiction. This is also true of the older cases when a defective appeal bond was filed. The
purpose of such a filing was beyond dispute. But when some other document is filed late, unless
we are clairvoyant, we do not know why the document has been filed. Thus seldom, if ever,
could a motion for new trial be intended to invoke our jurisdiction, because the express purpose
of a motion for new trial is just that, to have the trial court order a new trial, not to obtain
appellate review of the judgment. Even if we harken back to the days that a motion for new trial
was a necessary predicate to bring an issue on appeal, the motion for new trial would have been
properly characterized as a prerequisite to an appeal, not an effort to invoke appellate jurisdiction.
      We have not previously notified the parties that our jurisdiction was in question. The parties,
therefore, have not advised us of the purpose for the filing of the motion for new trial or the
indigency affidavit. The majority speaks for Merritt by telling her why she filed these documents. 
We should not.
      After telling Merritt why she filed these documents, the majority then tells her all that we
should be telling her, and which is what we have consistently told other litigants in the past: 
“...that her appeal is subject to dismissal for want of jurisdiction unless she files a response
showing a reasonable explanation for the late filing of her [notice of] appeal.”
      When we raise jurisdiction on our own motion due to the failure to timely file a notice of
appeal, as we have done in this case, I contend the party should be advised by letter, because there
is no need for a published notice, that the notice of appeal appears to be filed late and the appeal
is subject to dismissal unless grounds for continuing the appeal are shown. See e.g. In the Interest
of B.G., No. 10-02-019-CV, 2002 Tex. App. Lexis 4371, *3 (Waco June 19, 2002, order). 
Accordingly, I can join only that portion of the notice which notifies the parties that we are
questioning our own jurisdiction and that they should explain why this appeal is not subject to
dismissal.
                                                                   TOM GRAY
                                                                   Justice

Dissenting and concurring opinion issued and filed October 16, 2002
Publish